UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JONATHAN NEIRA,

                Plaintiff,

    -against-

NASSAU COUNTY CORRECTIONAL FACILITY;
LIEUTENANT MCCAINE; CORPORAL ROBINSON;
SERGEANT SCHEUSTER; and KEVIN MICHAEL
BERRY, Notary Public,

                Defendants.
------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
22-CV-01634 (JMA) (LGD)

**AZRACK, United States District Judge:**

    Pro se plaintiff Jonathan Neira ("Plaintiff"), presently incarcerated at the Nassau County Correctional Center, brings this case against pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Correctional Facility ("NCCF") and four individuals alleged to work at NCCF: Lieutenant McCaine, Corporal Robinson, Sergeant Scheuster, and Kevin Michael Berry (collectively, "Defendants"). (Compl., ECF No. 1.)

    Currently before the Court is Plaintiff's application to proceed in forma pauperis ("IFP"). (ECF No. 8.) For following reasons, Plaintiff's IFP application is GRANTED, but the Complaint is sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### I. BACKGROUND

    Plaintiff's recent, extensive litigation history before this Court is recounted in this Court's December 6, 2022 Order in Neira v. Office of the District Attorney, No. 21-CV-06747-JMA-LGD (ECF No. 28.).

A. **The Complaint**

    In his Complaint, Plaintiff appears to challenge his detention at NCCF following his arrest

on April 22, 2021.[1]  Plaintiff's allegations are reproduced below in their entirety:

> On April 22, 2021 I was admitted into Nassau County Correctional Center under the specific name; "Jonathan Neira" ICN # 2004060017 and C# 2021000681 with personal property receipt as follows, to be release due to an illegal search and seizure inside CVS business establishment located on Grand Avenue North Baldwin Harbor NY 11510.  Commenced date of arrest on April 21, 2021 Arrest number: 2021AR504205 Case Folder Number: 2021CR332434 as "Neira, Jonathan."  Since 2017 my foreign business "J William Family First LLC" filed as; register agent of service of process, commercial register agent and my in-state of New York Business "JWNM Product Solutions LLC" filed as; to sell tangible goods.  Then since 2019, I became an FEIC self employed financial officer operating privately through my NMLS banking registration.  I am registered with NYS Commission for the Blind since 2011 due to fatality wounded by gun shot behind my head.  Under Federal Rules of Criminal Procedure(s) 395(g) process to whom issued; arrests without process.  My free clearance ICN #2004060017 was violated totally.  As a financial officer, every violation under federal supervision is $25,000 dollars and every violation under state supervision is $10,000 dollars that has caused damages to my businesses and myself as a citizen.  Unlawfully incarcerated since April 22, 2021 by Nassau County Correctional Facility impending my release since April 22, 2021 without charges and properly processing all my identification(s) as personal and business, violating all my Constitutional Amendments as "Jonathan Neira."

In describing his injuries, Plaintiff alleges that

> [t]hroughout the time frame of events caused delay to my neurological development growth for my physical injuries of my existing continuous recovery from getting shot in the back of me head.  The circulating pain growing from my brain to my feet and up again, increasing my TBI due to lack of special medical assistance creating confliction to my personal and business daily needs, to get my proper continuous medicine treatment and adequate neurologist to service my health conditions to my legally blind, TBI, and cortical blindness situation on a daily basis.

As for relief, Plaintiff

> demand[s] my liberty out of NCCC as soon as possible plus seeking compensation of $300,000,000 dollars for all civil rights amendments violated in the SAFE Act, FHA Act, Dodd Frank Act, BSA Act as a citizen and professional representing (ADA) Administration Disability Act and my NMLS Banking Registration continuous education.  I am anticipating my gratitude for the consideration by the

---

[1]   The facts as set forth in this section are taken from the Complaint.  All material factual allegations in the Complaint are assumed to be true for the purposes of this Order.  See, e.g., Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).  Unless otherwise noted, all quotations from the Complaint appear without alterations.

Court and jury examine and review such prejudice discrimination and mal practice. Furthermore, I request the Court and Jury to ask for a copy of my conviction transcript to support my complaint from Nassau County Civil Division of Legal Bureau . . . .

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of Plaintiff's declaration in support of his IFP application (ECF No. 8), together with his April 21, 2022 letter (ECF No. 10), the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP application is granted.

### B. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires courts to screen civil complaints brought by incarcerated persons against government entities, officers, or employees. See 28 U.S.C. § 1915A. Under the PLRA, a court must dismiss a plaintiff's complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). The IFP statute, 28 U.S.C. § 1915(e)(2)(B), requires a court to dismiss an action for the same reasons. See Abbas v. Dixon, 480 F.3d 636, 639–40 (2d Cir. 2007) (applying both Sections 1915A and 1915(e)(2) where the plaintiff proceeded in forma pauperis).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)). As a result, the Court must construe the submissions of a pro se plaintiff "liberally, . . . reading such submissions to raise the strongest arguments they suggest." Nunez v. Mitchell, 836 F. App'x 71, 72 (2d Cir. 2021) (quoting McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017)). Pro se complaints "need only 'give the defendant fair notice of what the . . . claim is and

3

the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

However, a pro se plaintiff still must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (citing Twombly, 550 U.S. at 556). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

**C.    Plaintiff Fails to State a Claim for Relief**

As is readily apparent, the Complaint falls far short pleading "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. There are no allegations against any Defendant other than NCCF.[2] In fact, none of the individual Defendants are even mentioned in the body of the Complaint. Wholly absent is any description of what, if anything, each Defendant allegedly did, or failed to do, and how such action or inaction violated Plaintiff's rights. See Mendes Da Costa v. Marcucilli, 675 F. App'x 15, 17 (2d Cir. 2017) (affirming dismissal of pro se complaint where it was "virtually impossible to link the various defendants to [the plaintiff's] alleged injuries"). Moreover, the Complaint fails to sufficiently allege a deprivation

---

[2]    NCCF cannot be sued as it has no independent legal identity. See Villatoro v. Toulon, No. 22-CV-0109, 2022 WL 493181, at *3 (E.D.N.Y. Feb. 17, 2022) (sua sponte dismissing claims against Yaphank Correctional Facility because "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.").

of Plaintiff's constitutional rights. Because the present allegations are insufficient to give fair notice of his claims, the Complaint is dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**D.     Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)) (internal quotation marks omitted). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Nevertheless, "a district court may deny leave to amend when amendment would be futile." Id. (internal quotation marks and citation omitted).

Here, the Court has carefully considered whether Plaintiff should be granted leave to amend. In an abundance of caution, the Court grants Plaintiff leave to file an amended complaint to replead any damages claims.[3] Because an amended complaint will replace the original complaint, all claims and allegations that Plaintiff wishes to pursue must be included in an amended complaint. Plaintiff shall include factual allegations of conduct or inaction attributable to each defendant he names in the caption. If Plaintiff elects to file an amended complaint, the amended complaint shall: (1) be clearly labeled "Amended Complaint"; (2) bear docket number 22-CV-01634 (JMA) (LGD); and (3) be filed with the Court within thirty days from the date of

---

[3]     Insofar as Plaintiff seeks to challenge the fact of his incarceration or to be released therefrom, such relief is available exclusively via a properly filed petition seeking a writ of habeas corpus. Because any amendment of such a claim would be futile, leave to amend is denied.

5

this Order. If Plaintiff fails to file an amended complaint within the time allowed, absent a showing of good cause, the Complaint will be dismissed with prejudice without further notice, judgment shall enter, and this case will be closed.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed in forma pauperis is granted. However, the Complaint is sua sponte dismissed for failure to allege a plausible claim for relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

In light of Plaintiff's pro se status, the Court grants him leave to amend the Complaint in accordance with this Order. Any amended complaint shall: (1) be labeled "Amended Complaint"; (2) bear docket number 22-CV-01634 (JMA) (LGD); and (3) be filed with the Court within thirty days from the date of this Order. If Plaintiff does not file an amended complaint within the time allowed, absent a showing of good cause, the Complaint will be dismissed with prejudice without further notice, judgment shall enter, and this case will be closed.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address of record and note such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: December 6, 2022
       Central Islip, New York                                 /s/ (JMA)
                                                                 JOAN M. AZRACK
                                                                 UNITED STATES DISTRICT JUDGE